**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121802

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Israel Klein, <br><br> Plaintiff, <br><br> v. <br><br> R.T.R. Financial Services, Inc., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Israel Klein ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against R.T.R. Financial Services, Inc. ("*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Israel Klein is an individual who is a citizen of the State of New York residing in Rockland County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant R.T.R. Financial Services, Inc., is a New York Corporation with a principal place of business in Richmond County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

9. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

11. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e).

12. After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

13. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

14. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent

effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

15. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

16. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

17. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

18. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

19. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

20. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

21. The principal purpose of Defendant's business is the collection of such debts.

22. Defendant uses the mails in its debt collection business.

3

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

25. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

26. The alleged Debt does not arise from any business enterprise of Plaintiff.

27. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

29. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

30. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by Phone including the phone call dated March 19, 2021 ("Initial Phone Call").

32. The Phone Call was the initial communication Plaintiff received from Defendant concerning the alleged Debt.

33. The Phone Call conveyed information regarding the alleged Debt.

34. The Phone Call is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The Phone Call was received and read by Plaintiff.

36. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

37. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

38. On March 19, 2021, after Defendant left a voicemail for Plaintiff, Plaintiff returned the call and discussed the alleged debt.

39.	In this March 19, 2021 conversation with Defendant ("Dispute call"), Plaintiff informed the Defendant that the debt was not his debt and that he was not the person they were looking for because their alleged debtor has a different birth date, and has a middle name which Plaintiff does not.

40.	During this Dispute call, Plaintiff also demanded that Defendant cease and desist contacting him because he was not the person they were looking for.

41.	Despite Plaintiff's dispute of the debt and request to no longer be contacted regarding the debt, Plaintiff made subsequent phone calls to Plaintiff's home and cellular phones on April 10, 2021 and left voicemails (These calls will hereinafter be referred to as "Subsequent Calls") in an attempt to collect the same debt.

42.	Plaintiff's injury is "particularized" and "actual" in that the Subsequent Calls caused the injury was addressed and sent to Plaintiff specifically.

43.	Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Subsequent Calls.

44.	A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

45.	The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

46.	Plaintiff has been misled by Defendant's actions.

47.	Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

48.	Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

49.	As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

50.	As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

51.	Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

54. Following the Dispute Call, Plaintiff did not receive any notice of the debt or any correspondence at all from the Defendant.

55. Upon information and belief, Defendant did not send a notice of the debt or any correspondence at all to the Plaintiff.

56. Plaintiff did not owe any money at all to the Defendant or to the entity on whose behalf Defendant was seeking to collect.

57. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

62. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

63. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

64. An allegation by a debt collector that a consumer owes a debt, when the debt is not

65. owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

66. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

67. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

68. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debtin violation of 15 U.S.C. § 1692e(10).

70. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

71. Defendant contacted to collect a debt a debt.

72. Plaintiff did not and does not have a debt with Plaintiff.

73. Plaintiff did not and does not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

74. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity was a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

75. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity, was a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

76. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity, was a

7

misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

77. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity, was a false representation of the character of the alleged debt made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e(A).

78. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity, was a false representation made by Defendant in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

79. Defendant's allegation that Plaintiff owes a debt with them or whatever entity they may be collecting on behalf of, when Plaintiff did not owe any money at all to either entity, was a deceptive means used by Defendant in connection with Defendant's attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

80. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692d**

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. 15 U.S.C. § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection fo a debt.

83. 15 U.S.C. § 1692d(5) provides that causing a telephone to ring or engageing any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

84. Here, Plaintiff informed Defendant directly during the Dispute call that debt was not his and belonged to a different person of a similar name.

85. During this Dispute Call, Plaintiff also requested that Defendant stop contacting him.

86. Despite notice of Plaintiff's dispute and request to cease contacting him, Defendant continued to call Plaintiff again on multiple lines belonging to Defendant and leaving voicemails.

87. Defendant's conduct was violative of 15 U.S.C. § 1692d(5) in that it was continuous and with intent to annoy, abuse or harass the Plaintiff in order to have Plaintiff pay for a debt that did not belong to him.

88. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692d(5) and is liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. § § 1692c(c) and 1692c(b)**

89. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

90. The Dispute call occurred on March 19, 2021.

91. Plaintiff disputed the debt during this Dispute call.

92. Plaintiff demanded that Defendant stop calling.

93. Plaintiff was not aware of the Debt.

94. Plaintiff did not owe the debt.

95. Defendant contacted the wrong debtor.

96. Defendant continued to call Plaintiff, even though they were informed that Plaintiffs is not the correct debtor.

97. Defendant continued to call Plaintiff and leave voicemails, even though Plaintiff demanded that they stop cease calling.

98. Defendant violated 15 U.S.C. 1692c(c) with regards to Plaintiff by continuing communication in connection with the collection of a debt.

99. Defendant intended to harass Plaintiff by communicating with him again, after he told them to stop and that the debt was not his own.

100. Plaintiff was caused stress, nuisance and mental anguish as a result of the Defendant's conduct by not only alleging that he owed a debt that was not his, but by continuing to contact him after he informed them of this fact.

101. Defendant also disclosed information about an individual's debt (Non-party debtor)

102. Defendant's conduct also violated the real non-party debtor's rights to privacy when Plaintiff communicated personal information about the Non-party debtor and Non-party

debtor's debt without Non-partry debtor's prior consent.

103. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) 1692c(c) and is liable to Plaintiff therefor.

## JURY DEMAND

104. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and
b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and
c. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and
d. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and
e. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: April 16, 2021

**BARSHAY SANDERS, PLLC**

By: */s Alain Cesar*
Alain Cesar, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121802